# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DYLAN FLOWERS**                                         **CIVIL ACTION**

**VERSUS**                                                 **NO. 25-900-JWD-SDJ**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.**

---

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 10, 2026.

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DYLAN FLOWERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-900-JWD-SDJ** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Remand (R. Doc. 2) filed by Plaintiff Dylan Flowers. Defendants Elite Trucking Co., LLC, Leon Sims, and State Farm Mutual Automobile Insurance Company filed an Opposition to Plaintiff's Motion (R. Doc. 6), to which Plaintiff filed a Reply (R. Doc. 9). Because there was no timely unanimous consent to removal by all properly joined and served Defendants, remand is warranted.

**I.    BACKGROUND**

This action arises from a motor vehicle collision that allegedly occurred on November 7, 2023, in which the vehicle driven by Plaintiff was struck by a Freightliner eighteen-wheeler driven by Leon Sims.[1] At the time of the accident, it is alleged Sims was in the course and scope of his employment with Elite Trucking.[2] State Farm is Plaintiff's underinsured/uninsured motorist insurance policy carrier.[3]

Based on this accident, Plaintiff filed suit in the 21st Judicial District Court for the Parish of Livingston on October 9, 2024.[4] Defendants Elite Trucking and Sims removed the matter to

---

[1] R. Doc. 1-4 at 5-6 ¶¶ 4-6.
[2] *Id.* at 6 ¶ 7.
[3] *Id.* at 7 ¶ 11.
[4] R. Doc. 1-4 at 5-9.

this Court on October 8, 2025, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5]

Plaintiff, in response, filed the instant Motion to Remand on October 31, 2025.[6]  Plaintiff argues

that the removal of this matter was procedurally defective because Defendant State Farm, who had

been properly served prior to removal, did not timely consent to said removal.[7]  Defendants filed

their Opposition on November 14, 2025, to which Plaintiff filed a Reply on December 4, 2025.[8]

## II.    LAW AND ANALYSIS

### A.    Legal Standards

#### 1.    Removal Standard

A defendant may remove "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original

jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of

different States," and the amount in controversy must exceed "the sum or value of $75,000,

exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).  Subject matter jurisdiction must exist at

the time of removal to federal court, based on the facts and allegations contained in the complaint.

*See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)

("jurisdictional facts must be judged as of the time the complaint is filed").  "The removal statute

is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved

in favor of remand."  *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

The removing party has the burden of proving federal diversity jurisdiction.  *Garcia v. Koch Oil

Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003); *Manguno v. Prudential Property and Cas. Ins.

Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Remand is proper if, at any time, the court lacks subject

---

[5] R. Doc. 1.
[6] R. Doc. 2.
[7] *Id.* at 2.
[8] R. Docs. 6, 9.

matter jurisdiction.  28 U.S.C. § 1447(c).

### 2.    Rule of Unanimity

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  *See Baxter v. Anderson*, No. 16-142, 2016 WL 3748720, at *3 (M.D. La. Jun. 21, 2016).  According to the Fifth Circuit, this "rule of unanimity" requires that each served defendant join in the notice of removal or that there be a "timely filed written indication from each served defendant . . . that it has actually consented to such action."  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).  "District courts have no power to overlook procedural errors related to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice."  *Grigsby v. Kan. City S. Ry. Co.*, No. 12-776, 2012 WL 3526903, at *3 (W.D. La. Aug. 13, 2012) (citation omitted).  "The Removing Defendants bear the burden of establishing compliance with the rule of unanimity, either by showing all properly joined and served defendants' consent to removal or by establishing that a named defendant's consent to removal is not required."  *Scott v. Family Dollar Stores of Tex., LLC*, No. 17-817, 2017 WL 11221434, at *2 (W.D. Tex. Oct. 18, 2017) (citation omitted).

### B.    Discussion

In their Notice of Removal, Elite Trucking and Sims allege that "all Defendants who have been properly joined consent to the removal of the action."[9]  More specifically, Elite Trucking and Sims assert that "Counsel for State Farm Mutual Automobile Insurance Company advised undersigned counsel on October 8, 2025 that State Farm Mutual Automobile Insurance Company consents to removal."[10]  However, no evidence of this consent was included in the Notice of

---

[9] R. Doc. 1 at 8 ¶ XXIV.
[10] *Id.*

Removal.  In their Opposition, Defendants claim that "State Farm, through counsel, consented to the removal by email dated October 8, 2025," and attach the email to their Opposition.[11]  The question before the Court, then, is whether this is sufficient to meet the stringent requirements of the rule of unanimity.  The Court finds it is not.

"[D]istrict courts in this Circuit have consistently found that statements set forth in the Notice of Removal that other parties consent to the removal are insufficient to satisfy the rule of unanimity."  *Melton v. Toney*, No. 17-473, 2013 WL 11543680, at *5 (M.D. La. Dec. 5, 2017).  *See also Crowley v. Amica Mut. Ins. Co.*, No. 12-775, 2012 WL 3901629, at *3 (E.D. La. Sep. 7, 2012) ("[C]ourts within the Fifth Circuit have construed strictly the requirement for written consent by all of the defendants and overwhelmingly have held that statements on behalf of nonmoving defendants in a notice of removal are insufficient.").  In addition, "[c]ourts have also stressed that '[o]ral consents and email exchanges do not satisfy the requirement that a defendant must timely file evidence of its consent.'"  *Melton*, 2013 WL 11543680, at *5  (quoting *Allement v. Ameristep Corp.*, No. 13-498, 2013 WL 12183655, at *5 n. 15 (M.D. La. Dec. 30, 2013)).  *See also Baker v. Amazon Logistics, Inc.*, No. 23-3991, 2023 WL 6880357, at *11 (E.D. La. Oct. 18, 2023) (recognizing as "true" that "private emails between counsel are insufficient to constitute written consent as they fail to put either the Court or the plaintiff on notice").  However, courts have distinguished between private emails between counsel and emails filed with a notice of removal, finding the latter to be sufficient proof of consent.  *See Baker*, 2023 WL 6880357, at *11 ("Because Walker attached these emails to his notice of removal, they are not the kind of 'private emails' courts hold to be insufficient but, instead, the emails – as timely and publicly filed written indications of consent from each served defendant – plainly put the Court and Plaintiffs on notice

---

[11] R. Doc. 6 at 3; R. Doc. 6-3 at 1.

of these defendants' consent to removal."). Thus, attachment of an email consenting to removal has been found to be sufficient evidence of written consent.

Said consent, however, must be also be timely. 28 U.S.C. § 1446 set s 30-day time limit for filing a notice of removal.[12] Thus, "courts applying *Getty Oil* have remanded cases for lack of written consent when the nonmoving defendants submitted affidavits attesting to their consent after the 30-day period for removal had ended." *Crowley*, 2012 WL 3901629, at *3 (citing *Martinez v. Entergy Corp.*, No. 04-1027, 2004 WL 2661815, at *3 (E.D. La. Nov. 19, 2004)).

Here, Defendants, in their Opposition, state that "[t]he removal was filed within 30 days of Defendants['] . . . receipt of Plaintiff's discovery responses."[13] Those responses, which purportedly triggered removal, were received on September 9, 2025,[14] and this case was removed on October 8, 2025, 29 days later. State Farm's email expressing consent to removal was not filed with the Court until November 14, 2025, well after expiration of the 30-day period. This does not constitute timely consent.

In a remarkably similar situation, the *Crowley* court explained:

> Nothing submitted in the record before the removal deadline demonstrates that Amica had the authority to speak on State Farm's behalf. Moreover, that State Farm documented its consent through the affidavits that accompanied defendants' opposition to the remand motion does not cure this defect. The affidavits were not submitted until May 29, 2012, and the 30-day time period for filing began at the end of February. Because written notice of all of the defendants' consent to removal was untimely, the Court finds removal of the action to have been procedurally deficient, and thus remand is proper.

---

[12] *See* 28 U.S.C. § 1446(b)(3), which states that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

[13] R. Doc. 6 at 2.

[14] *Id.*

*Crowley*, 2012 WL 3901629, at *4. The same reasoning applies here. The 30-day period expired on October 9, 2025, but written notice of consent by all Defendants was not filed until November 14, 2025. As such, removal of this action was procedurally deficient.

In their Opposition, Defendants cite to *Smith v. National Retail Properties Inc.*, No. 16-222, 2016 WL 3912799 (S.D. Tex. Jul. 20, 2016) as evidence of courts allowing defendants to supplement their notice of removal with email consent after expiration of the 30-day deadline. This case, however, appears to be an aberration in the case law and has been specifically and soundly refuted by this Court. In *Melton*, a case decided by this Court following the ruling in *Smith*, the removing defendants alleged in their notice of removal that two other defendants consented to the removal, but provided no written proof of same. *Id.* at *5. Subsequently, to "substantiate" their written consent, the removing defendants attached to their opposition to remand an email exchange, dated prior to removal, in which counsel for the non-removing defendants purportedly consented to removal. *Id.* This Court reasoned:

> Finally, ICSP and AIG were required to *timely* file their written consent to the removal *with the court*. No party contends that ICSP and AIG were not "properly joined and served" at the time the Removing Defendants filed the Notice of Removal on July 24, 2017. Even assuming that the email exchange attached to the Removing Defendants' opposition or ICSP's and AIG's own opposition to the Motion to Remand constituted ICSP's and AIG's written consent to the removal, these filings were made after the thirty day period. Once the thirty day period has expired, however, the notice of removal cannot be amended in order to cure a defect in the removal procedure. Because no written consent to the removal was timely filed by ICSP or AIG, and because such consent cannot be filed outside of the thirty day time period, Plaintiffs have raised a procedural defect that requires remand.

*Id.* at *6 (citations and quotations omitted). The Court herein adheres to its own precedent and the clear language of the statute requiring a timely, filed, written notice and rejects Defendants' arguments. As such, Defendants' Notice of Removal was procedurally defective, and remand is recommended. *See Grand Tex. Homes, Inc. v. Am. Safety Indem. Co.*, No. 12-1773, 2012 WL 5355958, at *3 (N.D. Tex. Oct. 30, 2012) ("Failure to join in removal is a procedural defect that

cannot be cured by untimely notice of consent" and cannot be remedied after the 30-day period has ended).

## III.    RECOMMENDATION

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 2) be **GRANTED** and that this matter be **REMANDED** to the 21st Judicial District Court, Parish of Livingston, State of Louisiana.

Signed in Baton Rouge, Louisiana, on July 10, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**